Dear Mayor Williams:
This office is in receipt of your opinion request where you ask us to consider whether a team building seminar designed to improve the relationship between the Shreveport City Council and the Mayor's office must comply with the Louisiana Open Meetings Law (LSA-R.S. 42:1 et seq.) You advise us per your request that a professional facilitator with an agenda set to accomplish the aforementioned goal will attend the seminar. The seminar will include the Shreveport City Council and its staff and the Mayor and the Mayor's immediate staff. Your letter of clarification indicates that the purpose of the seminar will be to improve interpersonal communication between the Council and Mayor. We assume from your letters that there will be no official business or plans discussed.
The seminar you speak of will need to comply with the Louisiana Open Meetings Law if it is defined as a meeting. LSA-R.S.42:4.2(1) provides:
 "`Meeting' means the convening of a quorum of a public body to deliberate or act on a matter over which the public body has supervision, control, jurisdiction, or advisory power. It shall also mean the convening of a quorum of a public body by the public body or by another public official to receive information regarding a matter over which the public body has supervision, control, jurisdiction, or advisory power." (Emphasis added)
In the present situation, it is conceded per your letter of request that a quorum of the City Council will be present at the seminar.
We are of the opinion that the seminar would not be defined as a meeting. The purpose of the seminar as stated in your request is to improve communication and the working relationship between the mayor and the city council. Essentially, the City Council will be receiving information on its future working relationship and communication with the Mayor and Administration. Defining its future actions and relationship with the Mayor and Administration is a matter over which the board has control. In La. Atty. Gen. No. 93-315, this office was of the opinion that "A private session of a quorum of the Lafayette City Council held to discuss `goal seeking' efforts of the municipality would be violative of the Open Meetings Law." Similarly in La. Atty. Gen. Op. No. 91-339, this office was of the opinion that a retreat or seminar attended by a quorum of a public body, for planning the future actions of that body, was subject to the Open Meetings Law.
In conclusion, the seminar planned is considered a meeting under the Open Meetings Law, and it must comply with the requirements set forth in the Open Meetings Law. Specifically LSA-R.S.42:5(A.) Provides, "Every meeting of any public body shall be open to the public unless closed pursuant to R.S. 42:6, R.S.42:6.1, or 42:6.2." None of these exceptions would allow the meeting to be closed, so the normal requirements for an open meetings of the City Council must be followed.
We hope the foregoing sufficiently answers your question. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI/JRW/bs/pb
Date Received:
Date Released:
J. Richard Williams Assistant Attorney General
In La. Atty. Gen. Op. No. 93-315, this office was of the opinion that "A private session of a quorum of the Lafayette City Council held to discuss `goal seeking' efforts of the municipality would be violative of the Open Meetings Law." Similarly in La. Atty. Gen. Op. No. 91-339, this office was of the opinion that a retreat or seminar attended by a quorum of a public body, for planning the future actions of that body, was subject to the Open Meetings Law.